## McKenzie
### v.
## Downtown Ford, Inc.
*[Cite as 2 AOA 248]*

*Case No. CA-7925*
*Stark County, (5th)*
*Decided March 5, 1990*

*For Plaintiff-Appellant, David A. Van Gaasbeek, 622 Citizens Savings Bldg., Canton, Ohio 44070.*

*For Defendant-Appellee, Jon R. Steen, 910 Wick Building, Youngstown, Ohio 44503.*

SMART, J.

This is an appeal from a summary judgment of the Court of Common Pleas of Stark County, Ohio, granted in favor of defendant-appellee Downtown Ford, Inc. (employer). The trial court determined that the plaintiff-appellant James C. McKenzie (appellant) did not have an action for breach of an implied employment contract because he was an "at will" employee. The trial court determined in the alternative, even if an employment contract had been established, employer did not breach any of its terms.

The record indicates that employer gave a handbook to its employees in 1986, while the employees were represented by a union. Sometime later, the union withdrew representation and the employer reissued the handbook. Among other things, the handbook outlined disciplinary procedures. When the handbook was reissued, each employee was required to sign a receipt. A copy of the text of that receipt is attached hereto and hereby incorporated herein.

The disciplinary procedures outlined in the handbook categorized violations into three types: minor, major, and intolerable. "Gross insubordination or refusal to obey a direct instruction without a valid and acceptable reason" (handbook, p. 13) is classified as an intolerable offense and in two places the handbook warns that the commission of such an offense may result in immediate dismissal, without prior warning, *Id.*

Appellant was paid a specified sum for each job he performed, and did not receive an hourly rate. Appellant performed a front-end alignment on a BMW automobile in January of 1988, and other employees apparently performed other repairs to that same car. Sometime thereafter, the owner of the BMW brought the car back complaining that the car's gas tank had been damaged during the repair work. Employer agreed to provide a new gas tank at its cost, and instructed appellant to install it without charge. Employer apparently felt that appellant was responsible for the damage. In his deposition, appellant testified that he could have damaged the gas tank, but if so, he was unaware of it. (Deposition of appellant, p. 13). In an affidavit executed at a later date, appellant denied causing the damage. It is undisputed that appellant refused to do the gas tank repair for free, and was terminated for gross insubordination.

Appellant's cause of action was based upon an implied contract of employment allegedly set forth in the employee handbook. Employer responded that the release demonstrated that appellant was on notice that he could not rely on the representations in the handbook as terms of employment. Appellant's affidavit indicates that he was reluctant to sign the receipt, but did so because employer would not give him his paycheck unless he signed it.

Appellant assigns two errors to the trial court:

ASSIGNMENT OF ERROR NO. I
THE FACTS AND CIRCUMSTANCES
SURROUNDING AN ORAL
EMPLOYMENT-AT-WILL AGREEMENT,
INCLUDING THE CHARACTER OF THE
EMPLOYMENT, CUSTOM, THE COURSE
OF DEALING BETWEEN THE PARTIES,
COMPANY POLICY, OR ANY OTHER FACT
WHICH MAY ILLUMINATE THE
QUESTION, CAN BE CONSIDERED BY
THE TRIER OF FACT IN ORDER TO

DETERMINE THE AGREEMENT'S EXPLICIT AND IMPLICIT TERMS CONCERNING DISCHARGE. (*MERS V. DISPATCH PRINTING CO.*, 19 OHIO ST. 100 (1985)).

ASSIGNMENT OF ERROR NO. II
WHEN AN EMPLOYER HAS STATED IN ITS EMPLOYMENT MANUAL THAT AN EMPLOYEE CAN BE DISCHARGED UNDER CERTAIN LIMITED CIRCUMSTANCES AN EMPLOYEE CAN ONLY BE DISCHARGED WITH JUST CAUSE.

We note at the outset that appellant's assignments of error are merely assertions of principles of law, and do not expressly ascribe error to the trial court. Appellate Rule 12(A) permits this court to disregard errors not specifically pointed out in the record and argued by brief, but we choose to address this matter on its merits. For the purposes of this appeal, therefore, we assume that appellant intends to assign error to the trial court's failure to apply the principles of law articulated in the assignments of error to this cause.

## I

Civil Rule 56(C) states in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.... A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.

Appellant urges that the trial court invaded the province of the jury when it determined that there was no implied contract for employment. Appellant urges that the jury should have been permitted to decide whether the employee manual, coupled with oral representations by the employer's agents, gave rise to a contract for employment. Appellant states that reasonable minds could differ as to the effect of the language of the manual and the receipt.

The trial court found that the receipts signed by appellant gave clear notice that the handbook gave him no contractual rights. We agree that reasonable minds could not differ as to whether appellant could have reasonably expected that the handbook gave him any rights, and whether he could realistically rely thereon.

Appellant's affidavit alleges that he was "reluctant" to sign the receipt and disclaimer, but did so because he was told he would not be given his paycheck unless he signed it. We find that an allegation of reluctance does not rise to the level of duress and it does not negate the legal effect of this release.

Appellant's affidavit also alleges that employer's agents told him that they would be following the procedures and policies as outlined in the handbook, and that they expected him to do likewise. These statements, he asserts, caused a legitimate expectation in him and in the other employees that they had created an oral or implied contract of employment. The trial court correctly noted, however, that even if the handbook were treated as a contract of employment, employer did not violate any terms of the handbook, because gross insubordination was grounds for immediate dismissal. The handbook provides for no hearing or other procedure to assist the employer in determining whether appellant was justified in his refusal to comply with the work order, but in fact it appears from the record that agents of employer did meet with appellant after he refused to do the work but before he was terminated, in order to discuss the situation.

In conformance with Local App. R. 4(D), appellant lists eight statements which he asserts are genuinely in dispute and must be determined by the jury. These facts are:

"1) Did the Appellant receive a copy of the employee's manual in April, 1986?

"2) Did the Appellant only sign a copy of the receipt when he was told that he would not receive his paycheck until he signed a copy of the receipt?

"3) Did the Appellee demand Appellant to perform repair work free of charge?

"4) Did Appellant refuse to perform the repair work demanded because he would be doing work in his employment free of charge?

"5) Did Appellant cause the damage to the motor vehicle in question?

"6) Did the Appellant admit that he damaged the motor vehicle in question?

"7) Did Appellant believe that the statements of the employee's manual were the conditions of his employment?

"8) Did the Appellant believe that he would have job security if he complied with the rules of the employee's manual?"

Of the above, we find from the record that several were not disputed, and further that others are irrelevant to the determination of this action for the reasons stated *supra*. We find that the trial court did not err in entering summary judgment.

The first assignment of error is overruled.

## II

For the reasons stated in I, *supra*, the second assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

*Judgment affirmed.*

PUTMAN, P.J. and
MILLIGAN, J. Concur.